UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:17 cr 172 T 27 JSS
18 U.S.C. § 641
18 U.S.C. § 1028A

GIDAY KIDANE
a/k/a "ANWAR"

# INFORMATION

The United States Attorney charges:

## COUNT ONE

Beginning on or about December 9, 2016, in the Middle District of Florida, and elsewhere, the defendant,

GIDAY KIDANE
a/k/a "ANWAR"

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and things of value of the United States and the United States Treasury, a department and agency of the United States, that is, a U.S. Treasury check dated March 29, 2016, check number 4034-78389898, issued to F.B. for $4,583.00 and a U.S. Treasury check dated November 14, 2016, check number 4036-00173576,

issued to J.R.H. III for $20,679.00, with the intent to deprive the United States and the United States Treasury of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. §§ 641 and 2.

**COUNT TWO**

On or about December 9, 2016, in the Middle District of Florida, and elsewhere, the defendant,

GIDAY KIDANE
a/k/a "ANWAR"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, specifically, the name of J.R.H. III, during and in relation to a felony violation of theft of government property, in violation of 18 U.S.C. § 641, as charged in Count One of this Information, knowing that the means of identification belonged to an actual person.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, a money judgment of $7,200.00, which is equal to the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A. LEE BENTLEY, III
United States Attorney

By: ______________________
Amanda L. Riedel
Assistant United States Attorney

By: ______________________
Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section